# WELCH & COMPANY

*v.*

# CENTRAL SAN CRISTOBAL, INC.

San Juan, Equity, No. 940.

On Exceptions to Master's Report.

Receiver—Construction of Contract.

    1. Where the matter concerns a contract by a receiver, the court prefers to consider the questions on the merits, regardless of who raises them. In such case it will overrule *pro forma* objections raising the question of standing in court of objectors.

Welch & Co. v. Central San Cristobal.

Receiver—Compromise.

2. Where there has been a contract between the receiver and another party, the court has a right to construe the instrument and consider the evidence as to the settlement contemplated.

Same—Time of Payment.

3. A contract providing for an accounting of the profits from a sugar crop is to be construed as calling for a settlement within a reasonable time of the close of the grinding season which was to produce the sugar.

Receiver's Contract—Compromise.

4. Where the master has reported a settlement which seems to the court to be to the advantage of the trust, the court will confirm the same, and not go on to ascertain matters which might be more to the prejudice of the trust than accepting the offer made.

Opinion filed November 23, 1914.

*Mr. H. G. Molina* for complainant.

*Mr. Chas. Hartzell* for receiver.

*Mr. F. E. Neagle* for Mr. Sosthenes Behn.

*Mr. Louis Banigan* for the Fajardo Sugar Company and committee of bondholders.

HAMILTON, Judge, delivered the following opinion:

For good reasons the court authorized the receiver to make a lease of the Central San Cristobal property to Mr. Sosthenes Behn for the last grinding season. That seems to have been finished approximately by the end of May. The lease contemplated that the party of the second part, *i. e.,* Mr. Behn, will

Welch v. Central San Cristobal.

pay to the party of the first part, as receiver, in cash, an amount equal to one third of the net profits to be realized by said party of the second part from the operation of said mill and railroad during the grinding season of 1914, and with the further guaranty and agreement that the amount of money to be so paid on account of the said lease shall not be less than $20,000 during the said season of the said lease. Then, omitting what is immaterial, with the understanding and agreement that at the end of the said grinding reason, a full accounting and adjustment shall be had of the operations of the said party of the second part, in order that the said amount so to be paid, in addition to the said sum of $20,000, shall be equal to one third of said profits, which shall be at once paid over to the said party of the first part.

The receiver applied to the court for instructions in this matter in the following way: There had been certain dealings between him and Mr. Behn looking to a settlement, and Mr. Behn had finally made a certain offer and the receiver applied to the court asking instructions as to whether the offer should be accepted or not. That was referred to the master and reported on by him November 14, 1914. It comes up now upon exceptions to that report filed by the Fajardo Sugar Company and the committee of bondholders.

1. In the first place objection is made on the part of Mr. Behn that the exceptors have no standing in court, and he moves that their exceptions be struck from the files. The court refuses that motion *pro forma,* that is to say, it thinks that the matter should be disposed of upon the merits, but this not to be taken as an adjudication that the parties have any standing in court for any purpose. It is simply not passing upon that phase of

the matter and going to the merits. This is not to be considered as a precedent one way or the other as to their standing. The exact question before the court, then, is whether the receiver shall accept an offer of compromise made by Mr. Behn based upon $3.76 as the price of sugar at a time when the market price was possibly a little lower, but coming on for hearing at a time when the market price is a little above the offer of compromise.

2. The question to be decided is the advisability of accepting the offer. Going back and construing the contract, which the court has a right to do as between the court and its receiver, and considering the facts of the case, it seems that the master is correct in stating that there has been a settlement between the receiver and the lessee, Mr. Behn. Precisely when that settlement was it is not necessary to determine. There is a letter in evidence, I believe of July 28th, which would seem to indicate a settlement. And then there are subsequent proceedings on the part of Mr. Behn by which a certain amount of money was deposited to the credit of the receiver, and it appears incidentally that since that time the court has by an order used a part of that money so placed to the credit of the receiver; but this last point is not deemed of any importance, as it was not called to the attention of the court at the time that this was involved, and, if necessary, the court would rectify it as an error. Just for evidential purposes that particular point is disregarded.

3. The main question in construing the contract is when the settlement was to be had, when the money was to be paid. There is not a word in the contract about when the sugar should be sold, and it does not seem material to the court when the sugar

Welch & Co. v. Central San Cristobal.

is sold. The point is, When shall Mr. Behn account for and pay the price of the sugar? Whatever that may be is to be the fixed point, and Mr. Behn could sell the sugar or hold it or do what he pleased with it after that time. In other words, the court is not concerned in the sugar, but in the value or equivalent of the sugar at some time defined by the contract, and the point for us to determine is, When is that time? All human transactions legally are to be construed as having some reasonable term. This contract of lease was for a certain grinding season, and provided that an accounting of the operations of the party of the second part should be had to determine the amount of profits, and that, when ascertained, they should be at once paid over to the party of the first part. The contract could not have contemplated that the money should be at once paid over and yet that the settlement could be at an indefinite time afterwards. Considering the whole matter together, it would look as if the time of settlement would be a reasonable time after the close of the grinding season which was to produce the sugar. That being so, it might well be that the settlement could have been had in July or August, and, if that had been done, apparently the price of sugar would have been less than what is offered by Mr. Behn.

4. It would seem, therefore, to the court, that it is to the advantage of the receivership that I do not fix the exact time when the settlement should have been had, but accept the offer of Mr. Behn, which gives the receivership a larger amount of money than would very likely have been realized if the contract was carried out according to the court's construction of its terms. Therefore the report of the master will be confirmed, and the

receiver is directed to settle with Mr. Behn upon the terms of the compromise which is offered by him.

It does not appear to the court that it makes any difference in this case whether the price of sugar or any article in litigation goes up or down. The question is to fix the time when the settlement should have been had, or to accept a settlement which gives at least as good a result. Anything else would savor of the nature of speculation, making the court wait and take advantage of the market, which it is not disposed to do, and does not think it is at all called upon to do. For that reason the compromise is accepted.